```
       IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF GEORGIA
                ATLANTA DIVISION
```

```
UNITED STATES OF AMERICA      :
                              :    CRIMINAL ACTION
          v.                  :
                              :    NO. 1:13-CR-217-ODE-ECS
DAMIAN CYRUS KABORE           :
```

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on the preliminary, [Doc. 30], and perfected, [Doc. 38], motions to dismiss the indictment filed by the Defendant, Damian Cyrus Kabore. The government responded by brief to the perfected motion, [Doc. 39], which was followed by a reply from Defendant. [Doc. 40]. The Court set the motion down for oral argument on December 18, 2013, and the transcript of the argument was thereafter filed on December 30, 2013. [Doc. 42].[1] Defendant has filed his Supplemental Post-Hearing Brief, [Doc. 50], and the government has responded. [Doc. 53]. No reply was filed by the Defendant. The motions are now ready for a report and recommendation to the district judge.

Defendant is charged by superceding indictment in four counts. Counts One through Three charge that, on three different occasions,

---

[1] Citations to the transcript will be designated as "(T. ___)."

Defendant, an alien facing an outstanding order of removal, "connived and took any other action designed to prevent and hamper his departure, with the purpose of preventing and hampering his departure from the United States in violation of Title 8, United States Code, Section 1253(a)(1)(C)." [Doc. 21 at 1-2]. In Count Four, Defendant is charged with forcibly assaulting, resisting, opposing, impeding, and interfering with a federal immigration enforcement agent employed by the government while engaged in the performance of his official duties, in violation of 18 U.S.C. §§ 111(a)(1) and (b). [Id. at 3].

## II.
## Background

Defendant Kabore, a native and citizen of Ghana, was admitted to the United States in July of 1999, legally, on a B-2 non-immigrant tourist visa. [Doc. 38 at 1]; [Doc. 39 at 1]; [Doc. 38-4 at 1-2]. Under the visa he was authorized to remain in the United States for up to six months. [Id.] About three weeks after he arrived in the United States, Defendant was arrested on a misdemeanor charge of shoplifting, to which he entered a nolo contendere plea in November of 1999 in the State Court of Gwinnett County. [Doc. 38 at 2]; [Doc. 39 at 4]; [Doc. 38-4 at 5]. Defendant apparently signed a waiver of his right to counsel. [Doc. 38 at 2 n.2]. He was sentenced to twelve months probation and community

2

service and paid a $350 fine. [Id. at 2]; [Doc. 38-4 at 5].

In June of 2006, Defendant was arrested in Athens-Clarke County and pled guilty to simple battery and disorderly conduct in connection with a "domestic disagreement" with his wife. [Doc. 38 at 3]. He was sentenced to one day with credit for time served and the remainder of twelve months on probation, to include anger management and/or domestic violence evaluation and treatment. [Id.].

On November 19, 2011, Defendant was stopped in Barrow County and arrested on a charge of driving without a valid driver's license. [Id.]. After it was determined that Defendant had over-stayed his 1999 visa, he was taken into custody by Immigration and Customs Enforcement ("ICE"). [Id.]. At a hearing on August 16, 2012, the Immigration Judge ("IJ") found that Defendant's removability was established. See [id. at 3]; [Doc. 38-4 at 3]; [Doc. 39 at 4]. Defendant then filed for cancellation of removal. [Doc. 38-4 at 2]. In response, the government filed a motion to "pretermit" Defendant's application for cancellation of removal. [Id. at 2-3]; [Doc. 39-3].

On September 14, 2012, after a further hearing, the IJ found that Defendant was ineligible for cancellation of removal by virtue of his conviction on the shoplifting charge and granted the government's motion. [Doc. 38-4 at 7-8]. The IJ then found Defendant removable and entered an order directing that Defendant be removed

3

from the United States and returned to Ghana. See [id. at 8]. Defendant filed an appeal to the Board of Immigration Appeals ("BIA"), see Def's Ex. 5 (admitted at the December 18, 2013, hearing), but withdrew the appeal prior to decision. [Doc. 39-4]. Defendant filed a motion to reopen/reconsider and for emergency stay, [Doc. 39-5], both of which were denied. [Doc. 39-6]; [Doc. 39-7].

The government alleges that on December 7, 2012, January 14, 2013, and February 4, 2013, ICE agents attempted to remove Defendant by placing him on a flight to Ghana, but Defendant refused to board the airplane. [Doc. 39 at 5-6]. The government further alleges that on February 4, 2013, Defendant physically resisted being put on the plane and struggled violently with the agents, injuring one of the officers in the process. [Id. at 6]. These events are the subject of the four counts of the indictment.

### III.
### Discussion

**A.   The Parties' Contentions**

In the perfected motion to dismiss and supplemental post-hearing brief, Defendant challenges the validity of the order of removal under 8 U.S.C. § 1252(b)(7)(A), arguing that the removal order violated due process under the Fifth Amendment because he was not represented by counsel at his plea to the shoplifting charge and

4

was not advised by the Court at the plea hearing of the immigration consequences of his plea. [Doc. 50 at 4-6]. He also argues that he was denied his procedural due process right to be fairly heard at the hearing on the cancellation of removal. [Doc. 38 at 7]. As a result of these infirmities, Defendant submits that the order of removal entered by the IJ on September 14, 2012, was invalid, and, therefore, that the charges against him must be dismissed pursuant to § 1252(b)(7)(C).[2]

The government responds that the motion should be denied because Defendant failed to exhaust his administrative remedies as required as a precondition to judicial review of the removal order under 8 U.S.C. § 1252(d). [Doc. 39 at 2, 8-11]. Alternatively, the government contends that Defendant is entitled to only limited review of discretionary relief such as denial of cancellation of removal; that Defendant had no due process right to be advised by the Court regarding the consequences of his shoplifting plea in 1999, nor by counsel, insofar as effective assistance of counsel is

---

[2] Section 1252 (b)(7)(C) provides:

(C) Consequence of invalidation

If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of section 1253(a) of this title. The United States Government may appeal the dismissal to the court of appeals for the appropriate circuit within 30 days after the date of the dismissal.

5

concerned; and that, even if he could show that he was not given a full opportunity to be heard at the removal hearing consistent with procedural due process in this case, which the government does not concede, there was no prejudice from any such denial because the matter was decided as a matter of law by the IJ. [Id. at 11-17].

**B.    Analysis**

    1.    Exhaustion

The government argues that Defendant was required to exhaust his administrative remedies before he could file a motion under 8 U.S.C. § 1252(b)(7)(A) in the district court to challenge the validity of a removal order which "has not been judicially decided."[3] [Id. at 7-8]. The government relies upon § 1252(d), which provides:

    (d) Review of final orders

    A court may review a final order of removal only if--

---

[3] Section 1252(b)(7)(A) provides:

(7)    Challenge to validity of orders in certain criminal proceedings

    (A) In general

    If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

6

> (1) the alien has exhausted all administrative remedies available to the alien as of right, and
>
> (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

The government submits that Defendant did not exhaust his remedies as to his claims in this Court and is therefore barred from challenging the removal order under § 1252(b)(7)(A). [Id. at 8-11].

Indeed, Defendant does not appear to have exhausted his remedies as to his claims in this Court. He filed an appeal to the BIA appealing from the denial of cancellation of removal, but he later withdrew this appeal before any ruling was made on the merits. See [Doc. 39-4]. Thereafter, he requested a stay of removal and reconsideration of the removal decision but these motions were also denied without addressing the merits. [Doc. 39-6]; [Doc. 39-7]. See Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006) (remedies not exhausted under § 1252(d)(1) where merits of cancellation of removal not addressed); Mondragon v. U.S. Attorney Gen., 190 F. App'x 781, 782 (11th Cir. 2006) (per curiam) (remedies not properly exhausted as to removal order).

Defendant argues that exhaustion is not required by the terms of § 1252(b)(7)(A) and such a requirement should not be read into

7

the statute through § 1252(d). [Doc. 40 at 2-3]. Neither side has cited the Court to any judicial authority directly addressing the issue. The government points by analogy to 8 U.S.C. § 1326(d), which requires exhaustion of remedies before an alien may challenge a deportation order in an illegal reentry case. [Doc. 39 at 9, 12, 15]. But this argument is made solely by analogy, and Defendant is charged here under a separate provision of the law containing its own statutory provision expressly allowing a challenge. The persuasive force of the analogy is, therefore, weak.

Section 1252(b)(7)(A) permits a motion challenging the removal order in a § 1253 criminal case "if the validity of the order of removal has not been judicially decided." In a literal sense, the validity of the removal order in this case has never been judicially decided. Thus, under the plain language of § 1252(b)(7)(A), the order can be challenged, unless the exhaustion requirement in § 1252(d) is a precondition to the review permitted under § 1252(b)(7)(A).

A strong policy argument could be made that exhaustion should be required in this situation, as it is in the illegal reentry context and for judicial review in other contexts under § 1252(d). But since § 1252(d) does not, by its terms, expressly apply to § 1252(b)(7)(A), a court could be constrained to conclude that § 1252(d) does not bar the review provided under § 1252(b)(7)(A)

8

simply because remedies were not exhausted. Nevertheless, because I find that Defendant's motion fails on the merits, it is unnecessary to decide this issue, and I will therefore assume that exhaustion is not required.

> 2. <u>Validity of the removal order</u>
>> a. <u>The Shoplifting Conviction: Due Process</u>

In the perfected motion to dismiss the indictment, [Doc. 38], Defendant argued that his removal order was invalid, citing <u>Padilla v. Kentucky</u>, 559 U.S. 356, 130 S. Ct. 1473 (2010), because he was not advised of the consequences of his shoplifting plea before he entered it. [Doc. 38 at 6-7]. After the government's written response and after the oral argument on the motion, Defendant filed his post-hearing brief. [Doc. 50]. In this brief, Defendant refined the argument to contend that his rights were violated because the *Court*, as opposed to counsel, did not advise him of the immigration consequences of entering a plea to the shoplifting charge in 1999, rendering his plea involuntary. [<u>Id.</u> at 1-6].

At the 1999 plea hearing, Defendant was not represented by counsel, and thus did not receive the advice of counsel, effective or ineffective, before he entered his plea. He appears to have waived his right to counsel, and Defendant has not presented any evidence by affidavit or at the hearing that would cast doubt on the validity of his waiver. <u>See</u> [Doc. 38 at 2 n.2]. Thus, for at least

9

two reasons, Defendant cannot benefit from the Supreme Court's decision in Padilla, which held that defense counsel's failure to advise properly regarding the immigration consequences of a plea may constitute ineffective assistance of counsel. First, Defendant received no advice of counsel, good or bad, because he was not represented. Secondly, even if he had been represented, the Supreme Court has held that its holding in Padilla may not be applied retroactively to a defendant, such as Mr. Kabore, whose conviction was final before Padilla was decided. See Chaidez v. United States, 133 S. Ct. 1103, 1105, 1113 (2013). Padilla affords Defendant no relief in this case.

Accordingly, since Padilla affords no direct relief, Defendant is left to argue that his plea was invalid because the Court did not advise him of the immigration consequences of his plea and that this rendered his plea involuntary. Defendant contends that, because his plea was invalid, then the removal order, which relied upon his conviction for the shoplifting offense, was likewise invalid. The problem with Defendant's argument, however, is that the federal courts that have addressed the issue, even after Padilla, have uniformly found that the possibility of removal or deportation is a collateral consequence of the guilty plea and that the failure of the Court to advise of such consequences does not deprive a defendant of due process. See United States v. Rodriquez-Penton, 547

F. App'x 738, 740 (6th Cir. 2013); United States v. De La Cruz-Trejo, 518 F. App'x 286, 286-87 (5th Cir. 2013) (per curiam); United States v. Delgado-Ramos, 635 F.3d 1237, 1240-41 (9th Cir. 2011) (per curiam); cf. United States v. Youngs, 687 F.3d 56, 60-61 (2d Cir. 2012) (district court did not violate due process or Rule 11 by accepting defendant's guilty plea without advising him of the civil commitment implications of Adam Walsh Act); United States v. Nicholson, 676 F.3d 376, 382 (4th Cir. 2012) (loss of government benefits was a collateral consequence of guilty plea; thus, district court was not required to advise defendant that his benefits under the Federal Employment Compensation Act ("FECA") could be terminated as a result of his guilty plea). I likewise conclude that the failure to advise Defendant of the possible removal consequences of his guilty plea did not violate Defendant's due process rights so as to invalidate his guilty plea and provide him a basis for relief from removal.

      b.    Procedural Due Process

In the perfected motion, Defendant also argues that his procedural due process rights were violated when the time of his removal hearing was changed from afternoon to morning, thus depriving him of the opportunity to present witnesses on the issue of cancellation of removal. [Doc. 38 at 7]. He did not specify in the perfected motion what the witnesses would have testified to, but

11

in his affidavit he states that he was "prevented from presenting testimony from family members and other associates regarding my positive character." Def's Ex. 1 at 3 (admitted at the December 18, 2013, hearing); see also (T. 14-15).

The insurmountable problem with Defendant's procedural due process argument is that the IJ denied relief on the basis that Defendant was ineligible as a matter of law for discretionary cancellation of removal due to his shoplifting conviction. See [38-4 at 7-8]. The IJ never got to the issue of whether or not his discretion should be exercised under the circumstances of Defendant's case to cancel the removal, because that issue was pretermitted as a result of Defendant's ineligibility. Therefore, even if Defendant was prevented from presenting witnesses on the issue of his good character and the hardship he would sustain from removal, and this denial could be found to have violated procedural due process, Defendant suffered no harm. No matter what character witnesses he presented or other evidence of hardship he could adduce, none of that evidence could affect the result dictated by the law as applied by the IJ.[4]

---

[4] Defendant has not challenged the application of the immigration law by the IJ in concluding that the shoplifting conviction was a conviction involving moral turpitude that barred Defendant from cancellation of removal relief. See [Doc. 39-2 at 7-8].

12

Accordingly, I find that Defendant's procedural due process challenge is without merit.

3. <u>The Assault Charge</u>

Defendant makes a single-sentence argument without citation of authority for the proposition that the assault charge should also be dismissed "as that charge too arises from the effort to execute the unlawful order of removal." [Doc. 38 at 7-8]. The government submits that the Defendant did not have the right to forcibly resist the officers irrespective of the later ruling on the validity of the removal order, citing <u>United States v. Ferrone</u>, 438 F.2d 381, 390 (3d Cir. 1971), a case relating to forcible resistance of a search warrant later declared invalid. [Doc. 39 at 17]. Defendant cited no contrary authority in reply or in his supplemental post-hearing brief. <u>See</u> <u>generally</u> [Doc. 40]; [Doc. 50].

In view of this Court's conclusion that the removal order upon which Defendant was being taken to the airport for removal was valid, then Defendant's argument that his resistance was justified is without merit. It is not necessary to decide whether, if the removal order was invalid, Defendant would have been justified in forcibly resisting his transport to the airport for removal.

13

### IV.
### Conclusion

To conclude, I **RECOMMEND** that the preliminary and perfected motions to dismiss the indictment, [Doc. 30]; [Doc. 38], be **DENIED**. Assuming that Defendant was not required to exhaust remedies as a precondition to challenging the removal order, I conclude that Defendant's constitutional right to due process of law under the Fifth Amendment was not violated by the failure of the trial court to advise him of the immigration consequences of the plea he entered. Although Defendant was not represented by counsel, he has made no showing that he was unconstitutionally denied the right to counsel. Furthermore, even if he had been represented by counsel and his counsel had not advised him of the immigration consequences of his plea, Defendant would not be entitled to relief under Padilla, which may not be retroactively applied.

Insofar as his allegations of violation of procedural due process are concerned, I find that his rights were not violated in that the removal order was determined upon a question of statutory law, and none of the evidence that he contends he was prevented from presenting would have made any difference to the outcome.

Finally, I find that there is no basis to dismiss the assault charge in Count Four, as I do not find that the removal order was invalid. I also note that Defendant has not cited any authority for

14

the proposition that he was justified in forcibly resisting his transport for removal, even if the removal order were later found invalid.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned it is therefore **ORDERED** that this **CASE** be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED AND RECOMMENDED**, this 6th day of May, 2014.

*s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE